**Mark Propco LLC v LJ Cross LLC**

2025 NY Slip Op 30098(U)

January 13, 2025

Supreme Court, New York County

Docket Number: Index No. 152314/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>**HON. MARY V. ROSADO**</u>                                    PART                    **33M**

*Justice*

-------------------------------------------------------------------------X

MARK PROPCO LLC,

                      Plaintiff,

        - v -

LJ CROSS LLC,

                     Defendant.

-------------------------------------------------------------------------X

LJ CROSS LLC,

                     Plaintiff,

       -against-

THE MARK RETAIL MANAGEMENT LLC, PHOENIX ROZE
NY, INC.,

                     Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152314/2021 |
| MOTION DATE | 03/29/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 596087/2021

The following e-filed documents, listed by NYSCEF document number (Motion 002) 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 76, 77, 78, 79, 80, 81, 82, 83

were read on this motion to/for          <u>SUMMARY JUDGMENT (AFTER JOINDER)</u>   .

      Upon the foregoing documents, and a final submission date of September 10, 2024, Plaintiff Mark Propco LLC ("Plaintiff") and Third-Party Defendants Mark Retail Management LLC ("Mark Retail") and Phoenix Roze NY, Inc.'s ("Phoenix Roze") (collectively "Movants") motion for summary judgment against Defendant/Third-Party Plaintiff LJ Cross LLC ("Defendant") is granted.

## I.    Background

      This is an action to recover rental arrears from Defendant pursuant to a lease of a portion of the ground floor retail space at 994 Madison Avenue (the "Premises") for the period of April

**152314/2021   MARK PROPCO LLC vs. LJ CROSS LLC**
**Motion No.  002**

**Page 1 of 5**

[* 1]

1 of 5

13, 2012 to April 30, 2022 (*see* NYSCEF Doc. 1). The original lease ("Original Lease") is dated April 30, 2012 (NYSCEF Doc. 67). On June 23, 2014, the Original Lease was assigned by Phoenix Roze to Mark Retail and thereafter by Mark Retail to Defendant (respectively, the "First Assignment" and the "Second Assignment") (NYSCEF Docs. 68 and 69). Defendant surrendered the Premises on December 23, 2021 (NYSCEF Doc. 63). Plaintiff informed Defendant that its rental obligations remained despite the surrender (*Id.*).

Movants now seek dismissal of Defendant's affirmative defenses, counterclaims, and third-party complaint. Further, Movants seek leave to amend the Complaint pursuant to CPLR 3025(c), and summary judgment for the amended damages. Defendant opposes and argues that summary judgment is premature as discovery is outstanding and argues the motion to dismiss is untimely.[1]

## II. Discussion

### A. Leave to Amend

The branch of the motion seeking leave to amend is granted. Leave to amend is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). Here, Movants established that Defendant was on notice of the continuing damages that could accrue under Plaintiff's second cause of action (NYSCEF Doc. 1). Furthermore, Defendant has not contested the calculation of damages (NYSCEF Docs. 69 ¶¶ 9-10, and 70). Finally, and contrary to Defendant's argument, the Movants are not required to submit proposed amended pleadings on a CPLR 3025(c) motion.

---

[1] Defendant/Third-Party Plaintiff attempted to submit a sur-reply, however the Court never granted leave to file a sur-reply and therefore it is disregarded pursuant to CPLR 2214(c) (*see also Traders Co. v AST Sportswear, Inc.*, 31 AD3d 276 [1st Dept 2006]).

**152314/2021  MARK PROPCO LLC vs. LJ CROSS LLC**
**Motion No. 002**

## B. Dismissal of Affirmative Defenses, Counterclaims, and Third-Party Complaint

The standard of review on a motion to dismiss pursuant to CPLR 3211(b) is similar to that used under CPLR §3211(a)(7) (*Granite State Ins. Co. v Transatlantic Reinsurance Co.*, 132 AD3d 479 [1st Dept 2015]). Here, all of the affirmative defenses raised by Defendant are boilerplate, conclusory, and devoid of any factual support (*see 366 Audubon Holding, LLC v Morel*, 22 Misc.3d 1108[A] [Sup. Ct., NY County 2008]). Furthermore, the Movants' motion is unopposed substantively, and Defendant argues only that dismissal is improper because the Movants' motion is untimely pursuant to CPLR 3211(e). However, CPLR 3211(e) is inapplicable to the instant motion. Moreover, Defendant has failed to oppose substantially the dismissal of its counterclaims and third-party complaint. Thus, the Movants' motion to dismiss Defendant's affirmative defenses, counterclaims, and the third-party complaint is granted.

## C. Summary Judgment on Rental Arrears

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact" (*Vega v Restani Const. Corp.*, 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party" (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North*

**152314/2021   MARK PROPCO LLC vs. LJ CROSS LLC**
**Motion No. 002**

**Page 3 of 5**

3 of 5

[* 3]

*Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381 [2004]). To show entitlement to summary judgment on a breach of contract claim, a movant must prove the existence of a contract, performance, defendant's breach, and damages (see *Markov v Katt*, 176 AD3d 401, 402 [1st Dept 2019]).

Here, the Movants have established the existence of the Lease as the contract between the parties (*see* NYSCEF Docs. 67-69), that Plaintiff performed by leasing the Premises to Defendant, that Defendant breached by failing to pay rent, and that Plaintiff was damaged. In support, the Movants submitted a ledger of amounts owed (NYSCEF Docs. 60 ¶¶ 9-10, and 70).

The Movants' motion is opposed only on the basis that further discovery will reveal the existence of a written release. However, the assertion that a release exists is made by Defendant's attorney and not in any written affidavit from Defendant itself. Further, even if a release existed, it would be immaterial as the assignment accepted by Defendant explicitly states that it "agrees to be bound by all of the provisions of the Lease and to perform all of the obligations of the 'Tenant' under the Lease as a direct obligation to [Plaintiff] from and after the Effective Date" (NYSCEF Doc. 69 at § 2[B]).

Moreover, the Movants assert in opposition there are no written releases as to Defendant (*see* NYSCEF Docs. 67-69). Defendant's conclusory speculation that there exists paper discovery which will relieve it of liability is insufficient to defeat the Movants' motion (*see 800 Third Ave. Associates, LLC v Roadrunner Capital Partners LLC*, 214 AD3d 429 [1st Dept 2023]).

Accordingly, it is hereby,

ORDERED that the Movants' motion is granted in its entirety; and it is further

ORDERED that Defendant's affirmative defenses, counterclaims, and Third-Party Complaint are hereby dismissed; and it is further

**152314/2021  MARK PROPCO LLC vs. LJ CROSS LLC**
**Motion No. 002**

[* 4]

ORDERED that Plaintiff is granted leave to amend its pleadings to conform to the evidence pursuant to CPLR 3025(c); and it is further

ORDERED that Plaintiff is granted summary judgment on its first and second causes of action alleging breach of contract and continuing damages; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of Plaintiff Mark Propco LLC on its first and second causes of action against Defendant/Third-Party Plaintiff LJ Cross in the amount of $856,026.35, plus statutory interest from April 2020 and costs and disbursements, as calculated by the Clerk of the Court; and it is further

ORDERED that the parties shall contact the Court via e-mail at SFC-Part33-Clerk@nycourts.gov for an inquest on Plaintiff's third-cause of action for attorneys' fees; and it is further

ORDERED that within ten days of entry, counsel for Movants shall serve a copy of this Decision and Order, with notice of entry, on all parties to this case; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| ____1/13/2025____ | | | | _Mary V Rosado JSC_ | | |
| DATE | | | | HON. MARY V. ROSADO, J.S.C. | | |

| CHECK ONE: | | x | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | x | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**152314/2021   MARK PROPCO LLC vs. LJ CROSS LLC**
**Motion No. 002**

Page 5 of 5

5 of 5